IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS J. COMBS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-21-1395 |
| STATE'S ATTORNEY FOR ST. MARY'S COUNTY, MARYLAND, | * | |
| | * | |
| Respondent. | | |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on self-represented Petitioner Thomas J. Combs' Petition for a Writ of Habeas Corpus ("Petition") (ECF No. 1) and Motion for Summary Judgment (ECF No. 9). The Petition and Motion are ripe for disposition, and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that petitioners are not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons outlined below, the Court will dismiss Combs' Petition, deny the Motion for Summary Judgment, and decline to issue a certificate of appealability.

## I.     BACKGROUND

Thomas J. Combs is currently an inmate at the Arizona State Prison Complex − Lewis in Buckeye, Arizona. (See Pet. Writ. Habeas Corpus ["Pet."] at 8, ECF No. 1). He was previously criminally charged in the District Court of Maryland for St. Mary's County. (Id. at 7). Combs states that criminal charges are still pending against him in case numbers 5Q00053891, 4Q00053904, 6Q00054305, and 2Q0053888. (Id. at 7). He alleges that St.

Mary's County failed to timely prosecute him under the Interstate Agreement on Detainers Act ("IADA") and that these charges must be dismissed. (Id. at 3–4).

On January 24, 2020, Combs filed a Request for Final Disposition of Charges in the District Court for St. Mary's County. (Attach. Compl. at 5, ECF No. 1-1). He sought to be "sent/brought to the State of Maryland, St. Mary's County, so that the court/jurisdiction may make final disposition of the charges pending against" him. (Id. at 6). On August 18, 2020, Combs filed a "Request for Dismissal of Charges for Failure to Prosecute" in the District Court for St. Mary's County. (Id. at 8). In this filing, he concluded that "since the state failed to bring these cases to trial within the prescribed period of 180 days" as required under Article III of the IADA, Md. Code Ann., Corr. Servs. ("CS") § 8-401 et seq., the state court should dismiss the cases with prejudice. (Id. at 9). The State's Attorney for St. Mary's County did not respond to either of Combs' Requests. (Id. at 7). However, the State's Attorney now contends that all the criminal charges against Combs have been closed by the County district court or closed nolle prosequi. (Resp. Pet. Writ. Habeas Corpus ["Resp."] at 1, ECF No. 5).

On June 4, 2021, Combs filed his Petition with this Court to seek final disposition of the criminal cases in St. Mary's County. (ECF No. 1). The State's Attorney filed a Response on September 30, 2021 (ECF No. 5) and Combs filed a Reply on October 21, 2021 (ECF No. 7). Combs also filed his Motion for Summary Judgment on March 3, 2022. (ECF No. 9). In that Motion, Combs renews his request that this Court compel the final disposition of the criminal cases and order that any "nolle prosequi verdicts be changed to dismissed with prejudice." (Mot. Summ. J. at 2, ECF No. 9). In his Motion, he seeks

compensatory damages, punitive damages, court costs, and injunctive relief "to prevent these criminal charges . . . from being refiled against the Petitioner at any time in the future." (Id. at 3–5). On March 7, 2022, the State's Attorney filed a Surreply to the Petition as directed by the Court. (ECF No. 10).

## II. DISCUSSION

### A. Standard of Review

#### 1. IADA

Combs centers his Petition on a claim under the IADA. (See Pet. at 7). "There are two primary purposes behind the enactment of the IAD[A]: the removal of uncertainties surrounding outstanding out-of-state charges against a prisoner," found in Article III of the IADA, "and the prevention of interruptions to prisoners' programs of treatment and rehabilitation," found in Article IV. United States v. Pope, 183 F.Supp.2d 773, 776 (D.Md. 2001). Combs invokes Article III:

> Article III(a) of the IADA provides that when a prisoner is serving a term of imprisonment in a party State, and there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, the prisoner "shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint."

Saxby v. FBI, 3 F.App'x 60, 61 (4th Cir. 2001) (quoting 18 U.S.C. APP. 2 § 2).

3

### 2. Habeas Petition Case or Controversy Requirement

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477−78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). In the context of a habeas corpus petition, if the petitioner's sentence has already ended, then "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id.

### 3. Summary Judgment

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 141 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of his case where he has the burden of proof,

"there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986) (quoting Anderson, 477 U.S. at 247).

**B.     Analysis**

In his Petition, Combs requests that this Court "enforce compliance [with the IADA] by State's Attorney for St. Mary's County and the District Court of St. Mary's County to issue dismissal" of the four cases listed above. (Pet. at 7). The State's Attorney seeks dismissal of the Petition as moot because all of the charges against Combs were either closed or dismissed nolle prosequi. (See Resp. Pet. at 1−2, ECF No. 5; Sept. 30, 2021 Aff. Daniel J. White ["White Aff. 1"] ¶¶ 4−5, ECF No. 5-1).

First, the Court notes that Combs has not fully complied with the IADA's requirements and therefore the Court cannot grant relief on his behalf. The IADA requires that the prisoner seeking final disposition of the charges against him to deliver "to the prosecuting officer and appropriate court of the prosecuting officer's jurisdiction" written notice of his request. 18 U.S.C. APP. 2 § 2 (emphasis added). The Supreme Court has held "that the 180-day time period [to try Defendants] in Article III(a) of the IAD[A] does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." Fex v. Michigan, 507 U.S. 43, 52 (1993).

Here, Combs presented his requests to the district court, but not the prosecuting Officer. (See Attach. Compl. at 1, 7). In the absence of compliance with the provisions of

6

the IADA, the Court cannot find that 180-day timeline began with Combs' filings in the district court. Accordingly, because the 180-day timeline was never initiated, the State cannot be out of compliance, and Combs is not entitled to the relief he seeks. See Saxby, 3 F.App'x at 62.

Second, the Court will address the State's Attorney's argument that the Petition is moot because there are no open cases, arrest warrants, or detainers against Combs in St. Mary's County. (See Resp. at 1–2). The State's Attorney provided the following evidence to support his contentions: Deputy State's Attorney Daniel J. White's Affidavits dated September 30, 2021, (ECF No. 5-1), and March 7, 2022, (ECF No. 10-1); copies of the nolle prosequi entered in cases 5Q00053891, 4Q00053904, and 6Q00054305 on August 27, 2021, (Docket Sheets at 4–6, ECF No. 5-1); and case information for case 2Q0053888 demonstrating that it was closed in 2017, (id. at 7–8). Combs did not supply any evidence to show that there are any open cases, warrants, or detainers against him.

In his Motion for Summary Judgment, Combs argues that the nolle prosequi charges must be changed to dismissed with prejudice. (See Mot. Summ. J. at 2). The State's Attorney counters that the "State's Attorney is only empowered to dismiss a case by entering a nolle prosequi." (Resp't's Surreply at 1, ECF No. 10). Further, "[a] nolle prosequi is a final disposition and the matter is terminated. (Id. (citing State v. Moulden, 441 A.2d 666 (Md. 1982)). Finally, "[o]nly the court can enter an order of dismissal (with [or] without prejudice)." ((Resp't's Surreply at 1) (citing Md. R. 4-251(c)). He further states that he "cannot take any further action with regard to Mr. Combs," (id. at 2), and that

the State's Attorney "has no intention of refiling any of these charges against Mr. Combs," (Mar. 7, 2022 White Aff. ["White Aff. 2"] ¶ 4, ECF No. 10-1).

Thus, because the record shows that there are no open cases, warrants, or detainers against Combs and the State's Attorney is unable to provide the requested relief, the Petition will be dismissed on mootness grounds and the Motion for Summary Judgment will be denied. See Spencer, 523 U.S. at 7 (requiring that the requested relief in a habeas petition be "likely to be redressed by a favorable judicial decision").

Additionally, the Court finds that even if there were pending criminal charges against Combs, it would not have jurisdiction to command the State's Attorney or the District Court for St. Mary's County to act. A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Federal district courts therefore have no jurisdiction to issue a writ of mandamus commanding State courts to entertain a motion or to adjudicate pending claims in a certain manner. See Gurley v. Superior Ct. of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969), see also 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in nature of mandamus to compel an officer or employee of the United States or any agency."). Likewise, this Court has no mandamus jurisdiction over State employees like the State's Attorney. See Gurley, 411 F.2d at 587.

Finally, the Court notes that in the Motion for Summary Judgment, Combs requests monetary damages for the first time. (Mot. Summ. J. at 3). Damages are not available in federal habeas corpus proceedings. See Preiser v. Rodriguez, 411 U.S. 475, 493 (1973). To

8

the extent Combs believes he is owed damages stemming from some aspect of his confinement, he may pursue those claims in a separate civil action.

C.  **Certificate of Appealability**

When this Court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right'; and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Combs fails to meet this standard and a Certificate of Appealability shall not issue.

### III.  CONCLUSION

For the foregoing reasons, the Court will dismiss Combs' Petition for Writ of Habeas Corpus (ECF No. 1), deny his Motion for Summary Judgment (ECF No. 9), and decline to issue a Certificate of Appealability.

A separate Order follows.

Entered this 27th day of February, 2023.

_____/s/_____
George L. Russell, III
United States District Judge
